IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. _____

| | |
|---|---|
| DON WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| UNION COUNTY PUBLIC ) | |
| SCHOOLS, ) | |
| ) | |
| Defendant. ) | |

Plaintiff files this Complaint alleging that the Union County Public Schools violated his rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981 and 42 U.S.C. §1983. Plaintiff was denied promotion to the position of Maintenance Manager.

## I. INTRODUCTION AND JURISDICTION

1. Plaintiff files this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

2. Jurisdiction of the court is invoked pursuant to 28 U.S.C. §1343, this being a proceeding seeking to enforce rights and remedies secured by Title VII. Jurisdiction is also conferred upon this court by 28 U.S.C. §1331.

3. Jurisdiction is further invoked pursuant to 28 U.S.C. §§2201 and 2202, this being an action for declaratory judgment declaring illegal the acts of Defendant complained of herein which violate rights secured to the Plaintiff by Title VII.

## II. PARTIES

4. Plaintiff is an African-American male resident of Pageland, South Carolina.

5. Defendant Union County Public Schools is a public entity of local government whose main purpose is to provide public education to the citizens of its district.

## III. FACTS

6. Plaintiff was employed by Defendant in or about July, 2007. He progressed to the point of becoming a Team Foreman for the West Division. Plaintiff excelled in his duties and responsibilities as a Team Foreman, to the point that on several occasions he was asked to work as an Interim Maintenance Manager when his Manager became ill or after managers resigned from their positions. At all times, Plaintiff was commended for his work when he served as Interim Manager. However, Plaintiff's applications for Maintenance Manager positions in 2012, 2014 and 2015 were denied, even though he had performed the duties on several occasions while the positions were vacant.

7. On or about August 26, 2021, Plaintiff was again denied a promotion to the position of Maintenance Manager. At the time that he was denied the promotion to the Maintenance Manager position, Plaintiff was the only African-American Foreman in the Maintenance Department. Before and after the prior Maintenance Manager left the position, Plaintiff served as Interim Manager on a number of occasions. The position in question was posted in May or June of 2021. Plaintiff applied for the position. Plaintiff was interviewed for the position in either July or August of 2021. The interview was done by the Assistant Director of Facilities Maintenance, a white male, the Director of Facilities Maintenance, a white male, and the Transportation Manager,

a white mail. Plaintiff and two outside candidates were interviewed for the position. Plaintiff was told on August 26, 2021 that he was not selected for the position. He was not given a reason.

8. Plaintiff later learned that a lessor qualified white male was offered the position. That gentleman had been a grounds foreman for less than a year. It was Plaintiff's understanding from the selectee himself that he did not apply for the position until after he was approached to do so and that he was not interviewed for the position.

## IV. CLAIMS FOR RELIEF

### First Claim for Relief: Race Discrimination

9. Plaintiff alleges paragraphs 1 through 8 above.

10. Plaintiff was discriminated against based on his race in violation of Title VII, 42 U.S.C. §1981 and 42 U.S.C. §1983. Defendant selected a lessor qualified white male. The selectee was a person who had less managerial experience than Plaintiff and who did not initially apply for or seek the job. Plaintiff was more than qualified for the position, having served as the Interim Manager for extended periods of time under the most recent Manager and, in prior years, when other Mangers were either sick or departed. Defendant's assertion that Plaintiff was not qualified for the position is without merit and is pretextual. Plaintiff was denied the position because of his race.

11. Defendant's actions violate Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981 and 42 U.S.C. §1983.

12. As a result of Defendant's actions, Plaintiff has suffered embarrassment and humiliation and loss of economic opportunities.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.     Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, Charge No. 430-2021-02410. The Equal Employment Opportunity Commission issued Plaintiff a dismissal and notice of rights on September 13, 2023. Plaintiff is filing this Complaint within ninety (90) days of the date of the receipt of the Right to Sue letter, has complied with all jurisdictional requirements of Title VII, and has exhausted all administrative prerequisites to instituting this proceeding.

## VI. JURY TRIAL DEMAND

14.     Plaintiff hereby demands a trial by jury.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the work environment be remedied in full and that the court, after a jury trial:

a.     Declare the actions complained of herein to be illegal;

b.     Issue an injunction enjoining the Defendant, its agents, employees, successors, attorneys and those acting in concert or participation with the Defendant and at its direction from engaging in the unlawful practices set forth herein and any other employment practice shown to be in violation of Title VII and 42 U.S.C. §1981 and 42 U.S.C. §1983;

c.     Award Plaintiff compensatory damages for pain and suffering and infliction of emotional distress;

d.     Award Plaintiff back pay, front pay, and complete make whole relief;

e.     Award Plaintiff his costs and expenses in this action, including reasonable attorney's fees, other litigation expenses; and

f.  Grant such other and further relief as may be just and necessary to afford complete relief to Plaintiff.

This 12th day of December, 2023.

*/s/ Geraldine Sumter*
Geraldine Sumter
N. C. Bar No. 11107
Ferguson Chambers & Sumter, P.A.
309 East Morehead Street, Suite 110
Charlotte, North Carolina 28202
Telephone: (704) 375-8461
Facsimile: (980) 938-4867
Email: gsumter@fergusonsumter.com

Attorney for Plaintiff